# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES N. BELSSNER, ) <br> Plaintiff(s), ) <br> v. ) <br> LIN ZHOU, ) <br> Defendant(s). ) | Case No. 2:17-cv-02737-RFB-NJK <br><br> REPORT AND RECOMMENDATION |

Apparently unhappy with his proceedings in Las Vegas Justice Court, *see* Docket No. 1-1, Plaintiff has attempted to remove his state court action to this Court pursuant to 28 U.S.C. § 1441, Docket No. 1. Pursuant to that statute, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). By the plain text of this statute, it has long been established that a plaintiff is not entitled to remove his state court case to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-08 (1941); *see also Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007) (recognizing "*Shamrock's* longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court"); *Hopkins v. Am. Home Mortg. Serv'g, Inc.*, 2013 WL 1800049, at *3 (N.D. Cal. Apr. 29, 2013) (collecting cases regarding this "well-known, bright-line rule"). Plaintiff is not entitled here to remove a case that he filed in state court.

Not only is Plaintiff seeking removal, he is also apparently seeking to appeal in this Court the judgment entered against him in state court. *See* Docket No. 1-1 at 6. It is well-settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

Accordingly, the undersigned **RECOMMENDS** that this case be **REMANDED** to Las Vegas Justice Court.

DATED: October 31, 2017

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).